**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | | |
|---|---|---|
| DEAN LIN AND | § | |
| MICHELLE POPESCU, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No. |
| | § | |
| ALLSTATE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs Dean Lin and Michelle Popescu ("Plaintiffs"), through undersigned counsel, Long & Long, P.C., file this Original Complaint against Defendant Allstate Insurance Company ("Defendant") and, in support of the causes of action asserted herein, respectfully show the Court the following:

**PARTIES**

1. Plaintiffs are individuals who reside and are domiciled in this judicial district. The property, located at 2668 Shriver Drive, Fort Myers, Florida 33901 (the "Property"), was insured against flood damages by the Defendant, Allstate Insurance Company.

2. Defendant was and is a private insurance company incorporated under the laws of the State of Illinois, doing business in Florida, with its principal

place of business located at 3100 Sanders Road, Suite 201, Northbrook, Illinois 60062, and may be served with process through its agent for service, Florida Chief Financial Officer, 200 E. Gains St., Tallahassee, Florida 32399.

3. Defendant is a "Write Your Own" ("WYO") carrier participating in the National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act ("NFIA"), as amended, 42 U.S.C. § 4001, *et seq*. Defendant issued a Standard Flood Insurance Policy bearing Policy Number 48035582312021 (the "Policy") in its own name, as a fiscal agent of the United States, to Plaintiffs. Pursuant to 42 U.S.C. §§ 4071 and 4081 and 44 C.F.R. § 62.23, Defendant was and is responsible for the claims handling, adjustment, settlement, payment, and defense of all claims arising under the Policy.

## JURISDICTION AND VENUE

4. This action arises under the NFIA, Federal regulations and common law, and the flood insurance policy that Defendant procured for and issued to Plaintiffs in its capacity as a WYO carrier under the Act. The Policy covered losses to Plaintiffs' Property located in this judicial district.

5. Federal Courts have exclusive jurisdiction pursuant 42 U.S.C. § 4072 over all disputed claims under NFIA policies, without regard to the amount in controversy, whether brought against the government or a WYO company.

6. This Court has original exclusive jurisdiction to hear this action pursuant 42 U.S.C. § 4072 because the insured property is located in this judicial district.

7. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072 because it is where the Plaintiffs' Property is located and where a substantial part of the events at issue took place.

## FACTUAL BACKGROUND

9. Plaintiffs purchased a Standard Flood Insurance Policy ("SFIP") bearing Policy Number 48035582312021 ("the Policy") from Defendant to insure the Property and the contents therein against physical damage by or from flood. The Policy was in full force and effect on the date of loss and Plaintiffs paid all premiums when due.

10. Between September 28 and September 29, 2022, Hurricane Ian made landfall as an extremely destructive Category 5 storm. It brought catastrophic flooding to the region and to Plaintiffs' insured Property.

11. Upon information and belief, as a result of Hurricane Ian flooding, over seventeen inches of water flooded Plaintiffs' residence and remained in the home for over three (3) days. Plaintiffs' Property and contents therein were destroyed by the water and rendered unsalvageable. Moisture saturation and contamination from prolonged duration and exposure of flood water necessitated excessive repairs to, among other things, electrical systems, stucco, flooring, and the exterior finishings.

12. Plaintiffs' Property sustained significant losses by and from flood as the result of Hurricane Ian. Plaintiffs have incurred and will incur significant expenses to repair and replace the flood-damaged structure and personal property inside.

13. Once Plaintiffs discovered the Property irreparably damaged by flood waters, Plaintiffs made an immediate claim to Defendant to report the damage. Defendant sent a third-party adjuster out to Plaintiffs' Property. Plaintiffs cooperated fully with the claim investigation and properly submitted all documents required. After a cursory inspection, the adjuster returned an estimate insufficient in scope and price to cover the full and adequate cost of covered repairs. Many individual items were omitted or underpaid, and discrepancies on pricing of labor and materials still exist.

14. Due to the insufficient evaluation of covered damages, Plaintiffs were forced to retain an expert to document the covered damages sustained to the Property as a sole result of flood. Plaintiffs' expert report thoroughly examines the damage to the Property and presents a detailed itemization of the losses, all of which are covered under the Policy. It considers items omitted and/or underpaid by the insurance adjuster and reflects the proper and true cost to repair the flood-damage covered under the Policy. Plaintiffs' expert used pricing models which account for post-storm increases in material and labor costs required for full and proper repair. Defendant's adjuster often allowed only for patchwork repairs.

15. Plaintiffs requested additional payment on the claim by completing a Proof of Loss and submitting it to the Defendant, along with a copy of Plaintiffs' supporting documentation, within 365 days from the date of loss. *See,* U.S. DEP'T OF HOMELAND SECURITY, RELEASE NO. W-22012, WRITE YOUR OWN (WYO) PRINCIPAL COORDINATORS, WYO VENDORS, AND THE NATIONAL FLOOD INSURANCE PROGRAM (NFIP) DIRECT SERVICING AGENT (Oct. 6, 2022).

16. Defendant unfairly and improperly persisted in denying Plaintiffs' claim.

**CAUSE OF ACTION: BREACH OF CONTRACT**

17. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

18. Plaintiffs and Defendant entered into a contract when Plaintiffs purchased, and Defendant issued the Policy. The Policy, at all times relevant and material to this case, provided insurance coverage to Plaintiffs for, among other things, physical damage to the Property caused by flood. *See,* 44 C.F.R. Pt. 61, App. A(1), SFIP, Art. I.

19. Plaintiffs duly performed and fully complied with all the conditions of the Policy and conditions precedent to filing this Complaint, including appropriate and adequate demands, or Defendant waived or excused such conditions precedent. *See,* 44 C.F.R. Pt. 61, App. A(1), SFIP, Art. I.

20. Plaintiffs strictly complied with the proof of loss requirements required for payment on an SFIP claim and submitted it to the Defendant within the deadline. *See*, 44 C.F.R. Pt. 61, App. A(1), SFIP, Art. VIII(J)(4).

21. Plaintiffs' Complaint is ripe and timely filed because it is within one year of the date that Defendant denied all or part of Plaintiffs' claim. 44 C.F.R. Pt. 61, App. A(1), SFIP, Art. VII(M),(R); 42 U.S.C. § 4072.

22. Defendant unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied or unfairly limited payment on the Plaintiffs' claims.

23. Defendant failed to perform and materially breached the insurance contract when it wrongly failed to pay Plaintiffs for damages the flood caused to the property that the Policy covered. *See,* 44 C.F.R. Pt. 61, App. A(1), SFIP, Art. I.

24. Defendant violated the National Flood Insurance Act ("NFIA"), flood insurance rules and regulations, and Federal common law by, among other things:

a. Failing to fairly and timely adjust and pay on the flood claim at issue;

b. Failing to properly train and supervise its adjusters, claims examiners, representatives, and agents;

c. Failing to honor Plaintiffs' satisfactory proof of loss;

d. Failing to provide its adjusters, claims examiners, representatives, and agents with proper and uniform materials with which to evaluate claims;

e. Failing to take into account the shortage of labor and contractors following Hurricane Ian;

f. Failing to take into account for the increase in labor, materials, costs, and time in evaluating Plaintiffs' claim; and

g. Failing to inform the Plaintiffs of flood policy limitations and exclusions.

*See*, 44 C.F.R. Pt. 61, App. A(1), SFIP, Art. I, III, IX.

25. Defendant also breached the contract by failing to perform other obligations it owed under the Policy.

26. As the direct and proximate result of Defendant's breach, Plaintiffs have suffered actual damages in excess of Policy limits.

27. By virtue of its various breaches of contract, including its failure to fully reimburse Plaintiffs for the covered losses, Defendant is liable to and owes Plaintiffs for the actual and consequential damages sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered property, together with all other damages Plaintiffs may prove as allowed by law.

**PRAYER**

WHEREFORE, Plaintiffs Dean Lin and Michelle Popescu respectfully request that the Court enter judgment for such amounts as Plaintiffs may prove at trial, including actual and consequential damages as provided by law, and other and further relief to which the Court may deem just and proper.

Respectfully submitted,

**Long & Long, P.C.**

*/s/Amanda Gehring*
Amanda Gehring
Florida Bar No. 0096795
3600 Springhill Memorial Dr N
Mobile, AL 36608
Phone: (251) 445-6000
Email: insurance@longandlong.com

*Attorney for Plaintiffs*